**THOMAS et al. v. SMITH et al.**

No. 4332.

Court of Civil Appeals of Texas. Texarkana.

May 10, 1933.

Rehearing Denied May 18, 1933.

.tle by adverse possession under the three, five, and ten years' statutes of limitation, and specially pleading innocent purchasers for a valuable consideration of the mineral estate in the land from W. E. Jones who had acquired the title to the land from Enoch Thomas and wife. Certain of the defendants filed a plea of general denial and not guilty, and the other defendants filed disclaimer of any interest in the land.

After hearing the evidence the court peremptorily instructed the jury to return a verdict in favor of the plaintiffs.

The questions made on appeal relate to the particular points herein mentioned and determined.

First, it is urged that the ex parte deposition of Enoch Thomas was inadmissible and incompetent evidence against the other two defendants, who are the appellants. The plaintiffs offered in evidence the ex parte deposition of Enoch Thomas, a defendant. As the record shows, the deposition was offered in evidence "as to Enoch Thomas," and it does not appear otherwise that such depositions were offered generally against or to be considered against any of the other defendants. There was no request made of the court by any of the other defendants to limit the consideration of the evidence as to Enoch Thomas alone. It is allowable to take the ex parte deposition of a party to the suit and use the same in evidence. Article 3768, R. S. It is competent under the statute for either party to the suit to offer the ex parte depositions in evidence as against the party to the suit giving his own deposition in his own behalf. Since it must be considered that the ex parte deposition was stated to be offered in evidence only "as to Enoch Thomas," the further contention respecting lack of notice and want of opportunity on the part of the other defendants to have cross-interrogatory may not be held as raising a ground for reversible error.

Error may not be predicated upon peremptorily instructing a verdict and in entering judgment in favor of plaintiffs against Enoch Thomas and wife, Julia Thomas. The record shows that after the original answer of the defendants was filed on March 7, 1932, and before the trial of the case on March 25, 1932, Enoch Thomas and Julia Thomas made and filed in the case the following instrument which was duly sworn to, reading, omitting formal parts, namely: "Now come Enoch Thomas and Julia Thomas, defendants in the above numbered and entitled cause and disclaim any interest in the land described in the plaintiffs' petition, and say they do not now own or claim any right, title or interest therein, and they pray that they be discharged upon this their disclaim-

J. M. Chandler, of Longview, for appellants.

Jones & Jones, of Mineola, and Young, Stinchcomb & Kenley, of Longview, for appellees.

LEVY, Justice.

The suit was in trespass to try title to a tract of land containing sixty acres of land, more or less, in the G. W. Hooper survey in Gregg county. The appellee Paul D. Smith and several other plaintiffs brought the suit against Enoch Thomas and wife and other defendants, claiming fee-simple title, and ti-

er with their costs." It is not made to appear, nor is it argued, that this disclaimer or admission of record was not properly and voluntarily made.

■ The further propositions, most urgently pressed, are (1) that "copies of instruments of title as set out in an abstract of title," in lieu of original instruments or copies thereof filed with papers of the case, are not competent evidence, and (2) there was no agreement in writing signed by the attorneys and filed in the case to use as evidence copies of instruments of title as set out in the abstract of title. Instead of obtaining certified copies of deeds, an abstract of title was used by the plaintiffs as evidence to show and prove the recorded deeds and instruments of title to the land. The defendants objected to using the excerpts from the abstract of title instead of the original or certified copies. The objections made were overruled by the court upon the ground, as it seems, that there was a valid stipulation by the attorneys for the plaintiffs and defendants to use the abstract of title as evidence of certified copies of deeds. It appears without conflict of evidence that the oral stipulation was actually made by the attorneys, and was in keeping with the customary practice of the members of that bar to do so. It was shown without dispute that after the agreement the attorneys for the plaintiffs "relying on it did not have any certified copies made or filed in the case," and that it was "after the plaintiff had announced ready for trial in this case" that the attorney for defendant notified plaintiffs' attorney "that no agreement made in connection with this matter would be recognized." The reason therefor is stated by the attorney, viz.: "The attorneys for the plaintiff were insisting on a trial of this case, and they had failed to produce Enoch Thomas and his wife, Julia, to testify as they agreed to do at the time this case was originally set and without giving me time to take their depositions so that I would have the use of their testimony. I stated in open court that if that was the situation that I was putting all parties on notice that no agreement made in this matter would be recognized by me, since the attorneys for the plaintiff were not recognizing the agreement with me." In this connection it was shown that the defendants' attorneys made an application for continuance for want of the testimony of Enoch Thomas and his wife. The plaintiffs' attorneys contested the continuance of the case upon the grounds that the evidence set up was immaterial under the pleadings in the case, and alleging further that the plaintiffs' counsel had furnished the said witnesses with railway transportation from San Antonio to Longview and return, and that the failure of said witnesses to attend the trial was due to procurement of defendants and not to fault or omission of plaintiffs. The court after hearing overruled the application for continuance.

■ In view of the special circumstances stated it is thought there was no error in allowing the use of the abstract of title as evidence instead of obtaining certified copies of deeds and other instruments of record. It is quite correct that District and County Court Rule 47 requires an agreement of attorneys to be reduced to writing and filed in the case. Willis & Bro. v. Sims' Heirs (Tex. Civ. App.) 47 S. W. 55; Ingram v. McClure (Tex. Civ. App.) 151 S. W. 339. The purpose and object of the rule is to relieve the court of the necessity of determining disputes. 60 C. J. § 5, p. 41. But an oral stipulation which is not disputed is regarded obligatory, though not reduced to writing, and may be enforced. 60 C. J. p. 43; 36 Cyc. p. 1281; Birdwell v. Cox, 18 Tex. 535; Manowitz v. Gaenslen (Tex. Civ. App.) 142 S. W. 963. And also where the oral stipulation is not disputed estoppel to object to want of writing may be predicated where one of the parties had done or omitted to do some act in reliance upon the stipulation. Field & Co. v. Fowler, 62 Tex. 65; Thompson v. F. W. & R. G. Railway, 31 Tex. Civ. App. 583, 73 S. W. 29; Massie v. Yates (Tex. Civ. App.) 29 S. W. 1132. The stipulation to use abstracts as evidence was one which the parties could validly make. 60 C. J. § 63, p. 76.

■ The abstract of title used as evidence showed title in plaintiffs. Enoch Thomas was common source of title and appellees acquired their title from Enoch Thomas and wife before defendant Chandler acquired his interest. The showing of title by the defendant was through a power of attorney executed by Enoch Thomas and wife which was of date subsequent to the conveyance from Enoch Thomas and wife to the appellees and the parties under whom they claimed. There was no error in giving a peremptory instruction to the jury.

The judgment is affirmed.