**W. Joyce ANDERSON, Appellant**

v.

**Barry D. COCHEU, Appellee.**

**No. 05–04–01257–CV.**

Court of Appeals of Texas, Dallas.

Nov. 18, 2005.

Daylen K. Gallman and Blake L. Beckham, Beckham & Thomas, L.L.P., Dallas, for Appellant.

John B. Schorsch, Jr., Mastrogiovanni, Schorsch & Mersky, P.C., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

This is a summary judgment case. W. Joyce Anderson contends the trial court erred in granting judgment in favor of Barry D. Cocheu on her claims against him. Anderson asserts six points of error arguing generally that Cocheu's motion for summary judgment was insufficient because it failed to address the factual and legal bases of her claims. After examining the record, we conclude Cocheu failed to show he was entitled to judgment as a matter of law. We reverse the trial court's judgment and remand the cause for further proceedings.

## I.

The claims brought in this suit are based in large part on an alleged settlement agreement between Joyce Anderson and Barry Cocheu arising from an earlier suit. Anderson filed that suit against Cocheu in November 1998, alleging Cocheu had failed to repay various loans she had made to him. The 1998 suit included causes of action for breach of contract, fraud, and unjust enrichment.

In May 1999, Anderson and Cocheu met to discuss settling the pending claims. Although present, their attorneys waited in another room. According to Anderson, she and Cocheu reached an agreement that they reduced to writing. The terms of the agreement included monthly payments of $500 by Cocheu to Anderson. Anderson contends she and Cocheu then presented the written agreement to their attorneys. According to Anderson, Cocheu's attorney insisted the settlement agreement be drafted into a more formal document. Anderson alleged she gave the

handwritten agreement to Cocheu's attorney so that settlement documents could be prepared. Apparently, Cocheu's attorney did not prepare formal settlement documents. And Anderson's attorney did not either. In the end, neither party filed a written, signed settlement agreement with the trial court.

Despite the absence of a filed settlement agreement, Cocheu began making $500 monthly payments to Anderson. Soon afterward, the trial court dismissed Anderson's lawsuit against Cocheu. Cocheu, however, continued making monthly payments to Anderson for over a year and then stopped. Anderson filed this suit against Cocheu in July 2003, asserting claims for breach of the settlement agreement. Anderson later amended her petition to add claims for breaches of other agreements, fraudulent inducement, fraudulent misrepresentation and "unjust enrichment/restitution." Anderson contended Cocheu fraudulently induced her to discontinue pursuing her original lawsuit against him by promising to make payments according to the settlement terms agreed to in May 1999 without intending to fulfill those terms.

Cocheu filed a motion for summary judgment arguing the settlement agreement was unenforceable because it did not comply with rule 11 of the Texas Rules of Civil Procedure. Cocheu also argued the statutes of limitations on Anderson's breach of contract and fraud claims expired before she filed suit. Finally, Cocheu argued Anderson could not establish justifiable reliance as a matter of law.

Anderson responded that Cocheu could not rely on rule 11 because he failed to plead the rule as an affirmative defense. Anderson further responded that rule 11 did not bar enforcement of the oral settlement agreement because Cocheu never denied the existence of the agreement and, in

fact, performed under the agreement for over a year. Anderson contended Cocheu's arguments relating to the statutes of limitations and lack of justifiable reliance were premised on the false assumption that the creation of a formal, written settlement document to be filed with the trial court was a material term of her agreement with Cocheu. Furthermore, Anderson argued Cocheu's motion failed to address numerous claims raised in her petition. The trial court disagreed with Anderson and granted Cocheu's motion for summary judgment. Anderson then brought this appeal.

## II.

The standard of review for a summary judgment is well established. To obtain a summary judgment, Cocheu had the burden of demonstrating that no genuine issues of material fact existed and he was entitled to judgment as a matter of law. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). Because the trial court granted Cocheu's summary judgment without specifying the grounds on which it was based, Anderson has the burden on appeal of showing that each summary judgment ground alleged by Cocheu is insufficient to support the trial court's judgment. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995).

Anderson's six points of error challenge the sufficiency of all three of Cocheu's asserted grounds for summary judgment.[1] In her second and third points of error, Anderson contends Cocheu is not entitled to summary judgment on the ground that

their settlement agreement did not comply with rule 11 of the Texas Rules of Civil Procedure because Cocheu failed to plead the rule as an affirmative defense and failed to show that their agreement did not fall under one of the exceptions to the rule.

■ Rule 11 of the Texas Rules of Civil Procedure states that "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex.R. Civ. P. 11.[2] The purpose of the rule is to relieve the courts of the necessity of resolving disputes over the terms of oral agreements relating to pending suits. *See Kennedy v. Hyde,* 682 S.W.2d 525, 529 (Tex.1984); *Thomas v. Smith,* 60 S.W.2d 514, 516 (Tex.Civ.App.-Texarkana 1933, writ dism'd). In enforcing this rule, however, the Texas Supreme Court has been mindful of the fact that the rule may be said to abridge the substantive right of persons to enter into oral contracts. *See Kennedy,* 682 S.W.2d at 529. For this reason, the court has balanced the purpose of the rule with the ability of parties to make oral agreements. This balancing has resulted in the recognition of certain equitable exceptions to rule 11's writing requirement. *See id; see also Ebner v. First State Bank of Smithville,* 27 S.W.3d 287, 299 (Tex.App.-Austin 2000, pet. denied).

■ One exception to the writing requirement arises when the oral agreement is undisputed. *See Thomas,* 60 S.W.2d at

---

1. One of Anderson's points of error addresses the trial court's order striking portions of her affidavit filed in support of her response to the motion for summary judgment. Because of our disposition of the remainder of the issues on appeal, it is unnecessary for us to address this issue.

2. Anderson does not dispute that her alleged oral settlement is an agreement "touching [a] suit pending" and, therefore, we do not reach the issue.

516. In cases where the existence of the agreement and its terms are not disputed, the agreement may be enforced despite its literal noncompliance with the rule. *See Kennedy*, 682 S.W.2d at 529. Such an exception recognizes that, in the absence of a dispute over the oral agreement, the trial court would not be called upon to resolve misunderstandings about the terms of the agreement.

■ In this case, Cocheu has not disputed the existence or the terms of the oral agreement with Anderson either in his pleadings, in his motion for summary judgment, or elsewhere in the summary judgment record before us. *Cf. Masi v. Scheel,* 724 S.W.2d 438, 439 (Tex.App.-Dallas 1987, writ ref'd n.r.e.) (failure to plead requirements of rule 11 is waiver of its benefits). Although Cocheu asserted the statute of frauds and the parol evidence rule as defenses, these defenses do not challenge the existence of the agreement. They merely raise the issue that the alleged agreement was not reduced to writing. As discussed above, however, rule 11's writing requirement may not affect the enforceability of an oral agreement where the agreement is not disputed. Furthermore, neither the statute of frauds nor the parol evidence rule is equivalent to rule 11 because, although similar, they have distinct requirements and purposes.

■ To be entitled to the protections of rule 11 in a case in which it is applicable, a party must either deny entering into the alleged oral agreement or dispute one or more of the agreement's alleged terms. *See London Mkt. Cos. v. Schattman,* 811 S.W.2d 550, 552 (Tex.1991); *Kennedy,* 682 S.W.2d at 530. Cocheu has done neither. The evidence shows that Cocheu, in fact, performed under the alleged agreement for over a year. Because Cocheu did not dispute the existence or the terms of the alleged settlement agreement with Anderson, he was not entitled to summary judgment on the ground that the alleged settlement agreement did not comply with the requirements of rule 11.

■ Cocheu also moved for summary judgment on the ground that Anderson did not file her claims within the period of time allowed by the applicable statutes of limitations. In her fourth point of error, Anderson argues the trial court erred in granting summary judgment on the basis of limitations because Cocheu failed to establish when the limitations periods on her claims began to run. A defendant moving for summary judgment on the affirmative defense of limitations has the burden to establish conclusively that defense. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). As part of that burden, the defendant must conclusively prove when the cause of action accrued. *Id.* The limitations period for both breach of contract and fraud claims is four years. *See Hoover v. Gregory,* 835 S.W.2d 668, 676–77 (Tex.App.-Dallas 1992, writ denied).

■ It is well settled that a breach of contract claim accrues when the contract is breached. *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex.2002). In his motion for summary judgment, Cocheu specifically contended the alleged settlement agreement was breached, if at all, no later than May 9, 1999, when his attorney failed to provide Anderson with a written settlement agreement to be signed and filed with the trial court. The summary judgment evidence, however, does not support Cocheu's contention that his attorney's promise to draft the settlement documents was part of the settlement agreement that Anderson alleged was breached. Although Anderson testified at length in her deposition about her belief that Cocheu's attorney was going to create a written settle-

ment agreement, at no point did she state that this was a material part of her agreement with Cocheu. Cocheu simply did not show that the failure to provide Anderson with a written settlement agreement was a breach of the alleged contract. Therefore, Cocheu failed to conclusively prove when Anderson's claim for breach of contract accrued.

Unlike a cause of action for breach of contract that accrues when the wrongful act occurs, a claim for fraud does not accrue until the plaintiff discovers, or in the exercise of reasonable care and diligence should have discovered, the fraud. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex.1996); *Harris v. American Prot. Ins. Co.*, 158 S.W.3d 614, 628 (Tex.App.-Fort Worth 2005, no pet. h.). Cocheu's argument that limitations barred Anderson's fraud claim also hinged on his attorney's alleged failure to provide a written settlement agreement. Cocheu argued that Anderson knew or should have known about any alleged fraud associated with the settlement when his attorney did not produce a written settlement agreement. But, as stated above, Anderson did not contend that a promise to create a written settlement agreement was part of her oral contract with Cocheu. The fraud alleged by Anderson arose out of Cocheu's purported promise to pay her under the terms of the settlement. Cocheu made no argument and produced no evidence to show when Anderson knew or should have known about the alleged fraud associated with Cocheu's purported promise to pay. Because Cocheu failed to show when Anderson's claims accrued, he was not entitled to summary judgment on the ground that Anderson's claims were brought after the limitations period had expired.

Finally, Cocheu moved for summary judgment on Anderson's fraud claims

contending Anderson could not establish justifiable reliance on his alleged misrepresentations. Cocheu first argued there could be no reliance as a matter of law because the alleged representations were made in the context of ongoing litigation. Although reliance on statements made in an adversarial context is not generally justifiable, Cocheu points to no case, and we have found none, holding that a party's reliance on an opposing party's statement during litigation is unjustified as a matter of law. Indeed, other courts that have examined this issue have concluded that reliance on an opposing party's statements is unjustified where the opponent's statement is an "obvious lie" or "a misrepresentation that, with reasonable diligence, could easily have been refuted." *See Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 226 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). Cocheu presented no evidence that his alleged misrepresentations were either obvious lies or easily refuted.

Cocheu next argued in his motion for summary judgment that any justifiable reliance by Anderson ended when his attorney failed to deliver a written settlement agreement. Anderson notes in her fifth point of error that, once again, Cocheu misplaced the focus of his argument on events that Anderson did not contend were part of her agreement with Cocheu. The misrepresentations described by Anderson involved Cocheu's alleged promise to pay. Cocheu made no argument in his motion for summary judgment, and produced no evidence, to show that Anderson could not have justifiably relied on Cocheu's alleged promise to pay. Because Cocheu's motion for summary judgment did not address the correct factual basis of Anderson's fraud claims, he was not entitled to summary judgment on Anderson's fraud claims on the ground of lack of justifiable reliance.

Based on the foregoing, we conclude the trial court erred in granting Cocheu's motion for summary judgment. Given this conclusion, it is unnecessary for us to address Anderson's remaining points of error. We reverse the trial court's judgment and remand the cause for further proceedings.