United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-11334
Summary Calendar

---

ALVIN S SANDERSON

Plaintiff - Appellant

v.

AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO

Defendant - Appellee

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CV-74

---

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvin S. Sanderson, Texas prisoner # 250283, moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his complaint as time-barred. Invoking diversity jurisdiction, Sanderson sued American General Life & Accident Insurance Co. (American General) for fraud, fraudulent inducement, fraudulent concealment, fraudulent misrepresentation, and breach of contract, relating to Sanderson's failure to receive payment of insurance proceeds from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

four life insurance policies for which he was named the primary beneficiary. Sanderson argues that: (1) the magistrate judge lacked authority to issue the second report and recommendation; (2) the district court erred by failing to conduct a de novo review of the record and by failing to address the objections to the magistrate judge's second report; (3) the district court did not provide Sanderson with a sufficient opportunity to develop his fraudulent concealment claim; and (4) Sanderson's motion to alter the judgment was timely filed.

Even if we consider, arguendo, Sanderson's objections to the second report and his motion to alter the judgment, he has not raised a nonfrivolous issue for appeal. The magistrate judge had the authority to issue the second report and recommendation. See 28 U.S.C. § 636(b). The adoption of this report prior to Sanderson's filing his objections to the report did not prejudice Sanderson because his objections did not raise any nonfrivolous issues. See McGill v. Goff, 17 F.3d 729, 731 (5th Cir. 1994), overruled on other grounds, Kansa Reins. Corp. v. Congressional Mortgage Co., 20 F.3d 1362, 1373-74 (5th Cir. 1994). Sanderson admittedly was aware that he had not received payment of the life insurance proceeds in June 1999, and he suspected wrongdoing at that point, going so far as to ask American General to investigate possible criminal activity. American General stated that it had sent the insurance proceeds payable to Sanderson, to Sanderson's then wife, Margot Sanderson, as Sanderson had

requested.  In September 1999, Sanderson received purported copies of the cancelled checks showing the disbursement of the insurance proceeds.  By that time, Sanderson should have been aware of his causes of action.  Accordingly, Sanderson has not raised a nonfrivolous issue for appeal regarding the district court's determination that his suit was barred by the statute of limitations because it was filed over four years later.  See Anderson v. Cocheu, 176 S.W.3d 685, 689 (Tex. App. 2005).  His contention that the limitations period should be tolled or that the defendant should be estopped from asserting limitations due to fraudulent concealment is frivolous.  See Armstrong v. American Home Shield Corp., 333 F.3d 566, 570 (5th Cir. 2003); Cass v. Stephens, 156 S.W.3d 38, 63 (Tex. App. 2004).

Accordingly, we uphold the district court's certification that the appeal presents no nonfrivolous issues.  Sanderson's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202 n.24.

The district court's dismissal of Sanderson's complaint as frivolous and this dismissal both count as strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Sanderson is warned that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility

unless he is under imminent danger of serious physical injury.
See 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.