IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00001-CV

 

Kelley C. Rush,

                                                                                    Appellant

 v.

 

Jo Ann Goodwin,

                                                                                    Appellee

 

 

 



From the County Court

Robertson County, Texas

Trial Court No. 05-12CV

 



MEMORANDUM  Opinion



 








Appellant Kelly
Rush entered into a landscaping agreement with JoAnn Goodwin to remove trees
and perform yardwork at Goodwin’s residence.  After completing work at
Goodwin’s home, Rush complained that he was not paid in full.  Rush filed suit pro se against Goodwin in justice of the peace court, seeking relief of
$1,600 but being awarded $4,500 plus court costs.  Goodwin appealed to county
court, where in a bench trial de novo the trial court awarded Rush only $200 with
interest.  In this appeal, Rush complains that the court erred when it awarded
him only $200 in damages, arguing that its award was against the great weight
of the evidence.  We will affirm.

Factual and Procedural
Background 

 

On August 5, 2007,
Goodwin requested a landscaping bid from Rush.  The request involved three
parts: tree removal, landscaping, and construction of a French drain system.

Tree Removal

 

The heart of this
dispute lies in how many trees Rush and Goodwin agreed to have cut down as part
of the tree removal agreement.  On August 5, Rush arrived at Goodwin’s
residence and both walked the property marking trees for their removal.  During
the walkthrough, both parties agreed to have 26 trees cut down.  However, Rush
argues that after the initial agreement was made the number of trees to be cut
down repeatedly changed.  Rush claims that the final agreement consisted of
Rush removing 36 large trees, 14 small trees, and 1 large limb from Goodwin’s
property.  The agreed upon price was $200 for each large tree, $100 for each
small tree, and $100 for removal of the large limb, bringing the total price to
$8,700.  To prove this agreement, Rush presented an original contract signed by
himself and initialed by Goodwin stating that 26 trees were to be cut down and
removed at $200 each and a large limb removed for $100, showing a total of
$5,300.  He then presented two more documents.  The first, signed only by Rush,
reflects a request for removal of 36 large trees at $200 each, 14 small trees
at $100 each, and removal of a large oak branch at $100.  The second, signed by
Rush, and initialed in part by Goodwin, shows an agreement to cut and remove 33
trees at $6,600.

Goodwin argues
that she only agreed to have 26 large trees removed from her property at $200
per tree.  She also argues that after counting the stumps, only 26 trees were
removed and that even if more than 26 trees were removed, she never agreed to
their removal.  She contends that Rush overcharged her $1,400 to remove trees
that she claims were not removed.

Landscape Agreement and
Extras 

 

In addition to
tree removal, the agreement also included various landscaping projects.  Rush
agreed to remove vegetation and growth, spread dirt, brush hog, and remove
fences.  Both Rush and Goodwin agreed that the cost of that project would be
$3,600.  Goodwin paid Rush $1,000 on the landscape agreement and owed $1,600
for the project’s completion.  Goodwin argues that because she overpaid $1,400
on the tree removal and other projects that she does not owe the $1,600
balance.

In addition to the
landscape agreement, Rush also argues that after starting the project, Goodwin
began to request that extra side projects be performed around the property. 
Rush argues that the cost of these projects came to total of $749.94, none of
which Goodwin paid.  He argues on appeal that his damages total in the lower
court should have been for $4,990.62.




Standard of Review 

 

  Rush claims that
he was underpaid for his work and essentially argues in this appeal that the
$200 damage award was against the great weight and preponderance of the
evidence.[1]

When seeking
review of the factual sufficiency of the evidence supporting an adverse finding on which the party
had the burden of proof, the appellant must show that “the adverse finding is
against the great weight and
preponderance of the evidence.”  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Long v. Long,
196 S.W.3d 450, 466 (Tex. App.—Dallas 2006, no pet.).  The reviewing court must
consider and weigh all the evidence and may set aside the
finding only if the evidence is so weak or the finding is
so against the great weight and
preponderance of the evidence that it is clearly wrong
and unjust.  Dow Chem., 46 S.W.3d at 242.  We, as an appellate court,
cannot act as a fact-finder.  We are not permitted to pass on the credibility
of witnesses or substitute our judgment for that of the trial court.  See
Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003); Dallas County v. Holmes, 62 S.W.3d 326, 329 (Tex. App.—Dallas
2001, no pet.).

Discussion 

 

During the bench
trial, Rush referred to the various documents allegedly establishing the terms
of the tree removal and landscape agreement.  However, Rush failed to formally
offer and have the court admit any documents into evidence.  For us to consider
the documents on appeal, they must have been introduced and admitted at trial. 
Noble Exploration, Inc. v. Nixon Drilling Co., 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ).  Therefore,
the only evidence that we may look at to determine whether the damage award is
against the great weight of the evidence is the parties’ trial testimony.

Because the
parties’ oral testimony is directly conflicting, it was the role of the trial
court as the trier of fact to determine which party’s testimony was more
credible.  The court’s award of only
$200 in damages is not overwhelmingly against the great weight of the evidence
especially when the alleged contracts were not in evidence.  See Noble, 794 S.W.2d at 592;
see also, Tex. R. Evid.
103(a); Tex. R. App. P. 33.1,
33.2.

Consequently, we
decide that the trial court’s damage award was not so against the great weight
of the evidence as to be clearly wrong and unjust.  We overrule Rush’s issue
and affirm the trial court’s judgment.

 

                                                                                                BILL
VANCE

                                                                                                Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief
Justice Gray concurs only in the judgment of the court.  A separate opinion
will not be issued.)

Affirmed


Opinion
delivered and filed November 14, 2007

[CV06]









[1] Both parties are pro se, and neither of their
briefs complies with Rule of Appellate Procedure 38.  In the interest of
justice, we suspend Rule 38 and will consider their briefs.  Tex. R. App. P. 2.