**REVERSE and REMAND in part; AFFIRM in part; and Opinion Filed February 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00130-CV

**BRYAN INMAN, Appellant**
**V.**
**HENRY LOE, JR., JAMES MORRISON AND**
**PATRICK HENRY MEDICAL, LLC, Appellees**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-14-0482**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Whitehill

Appellant Bryan Inman and appellees Henry Loe, Jr., and James Morrison jointly formed a company, appellee Patrick Henry Medical, LLC (PHM). Later, Loe allegedly expelled Inman from the company. Inman's live pleadings include claims of contract breach, fiduciary breach, and civil conspiracy. The trial court granted appellees a take-nothing summary judgment based on the statute of limitations. Inman appeals the summary judgment as to his contract breach and fiduciary breach claims.

We reverse in part, concluding that appellees did not conclusively establish that Inman's contract breach and fiduciary breach claims accrued more than four years before Inman filed suit. We affirm the judgment as to Inman's civil conspiracy claims.

# I. BACKGROUND

## A.  Facts

We draw these facts from Inman's live petition and the summary judgment evidence.

Inman alleged that he, Loe, and Morrison formed PHM in 2007.  Each of them owned an interest in PHM, and Inman's interest was 33.33%.

Summary judgment evidence showed that Loe changed the locks on PHM's office twice in 2009, the second time being on June 19, 2009.  There was also evidence that Inman was not "showing up to work" at PHM at that time.  Inman's attorney sent Loe and Morrison a letter dated June 26, 2009, complaining that (i) Inman was "at an impasse" with Loe and Morrison and (ii) Inman was "effectively excluded from the management and ongoing operations of the company."

The evidence also showed that on August 23, 2010, a special PHM members' meeting was held.  Neither Loe nor Inman attended.  An attorney acting as Loe's proxy moved that Inman be removed as a PHM member and director.  The motion carried.  The meeting minutes recite that "Inman is no longer a Member or Director of the Company, effective immediately (beginning August 23, 2010 at 5:34 p.m.)."  Inman's summary judgment evidence included a 2010 Schedule K-1 tax form that showed Inman as having a 33.33% share in the company's profits, losses, and capital at the beginning of the year and a 0% share at the end of the year.

## B.  Procedural History

Inman sued appellees on March 19, 2014.  His original petition alleged few specific facts (and nothing about the events in 2009), but it specifically complained that "[w]ithout grounds and without compensation, Plaintiff has been notified that he no longer is considered by Defendant as a Member of the Company."  Inman sought a declaratory judgment that he was still a PHM member and 33.33% owner.  He also asserted claims for fiduciary breach and "conspiracy/conversion" of his member units.

Loe and PHM jointly answered Inman's petition. Morrison, acting pro se, answered separately.

In May 2017, the trial court conducted a bench trial solely on Inman's declaratory judgment claim. In June, the trial court sent the parties a letter advising that it found that Inman remained a PHM member. It eventually signed an interlocutory declaratory judgment decreeing that Inman was still a member of PHM and still owned 33.33% of PHM.

Later that month, Loe and PHM filed a combined traditional and no-evidence summary judgment motion. The no-evidence ground argued that Inman had no evidence that Loe owed Inman a fiduciary duty. The traditional ground argued that the statute of limitations barred all of Inman's claims—fiduciary breach, conspiracy, conversion, and declaratory judgment.

As to fiduciary breach, Loe and PHM argued that Inman's claim accrued in June 2009 when the locks to PHM's offices were changed and Inman was excluded from PHM's operations and management. Because the fiduciary breach statute of limitations is four years, Inman's suit filed March 19, 2014 would be untimely as to that claim if it accrued on that date.

As to conversion, Loe and PHM argued that Inman's claim accrued in August 2010 when the special called meeting was held and Inman was removed from PHM. Loe and PHM argued that Inman's suit was untimely as to that claim because the conversion statute of limitations is two years.

Inman filed a first amended petition two weeks before the summary judgment hearing. The amended petition dropped the declaratory judgment and conversion claims and asserted claims for contract breach, fiduciary breach, and civil conspiracy to breach the company agreement. Inman sought monetary relief, a constructive trust, an accounting, rescission of a purported amended company agreement, and rescission of a purported transfer of Morrison's company interest to Loe.

Inman timely responded to the summary judgment motion.

After a hearing, the trial court signed a final summary judgment setting aside the interlocutory declaratory judgment and ruling that limitations barred all of Inman's claims. The judgment ordered Inman to take nothing against Loe and PHM, assessed attorney's fees of $10,000 against Inman if the case were appealed to the court of appeals, and conditionally awarded additional fees if further appeals were taken to the Texas Supreme Court. Although the judgment did not mention Morrison, it concluded with

> All relief requested [and] not expressly granted by this Final Summary Judgment is hereby expressly denied. This judgment finally disposes of all parties and claims and is appealable.

Thus, the judgment was final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

Inman appealed.

## II. ISSUES PRESENTED

Inman raises six issues that fall into two categories:

His first two issues challenge the summary judgment as a whole, arguing that the judgment was erroneous because (i) appellees did not conclusively prove when Inman's claims accrued and (ii) the trial court erred to the extent it held that the limitations period was two years rather than four.

His four remaining issues attack specific parts of the judgment, arguing that (iii) judgment was improper as to Inman's claims against Morrison because Morrison did not move for summary judgment, (iv) judgment was improper as to Inman's contract breach claims because appellees' summary judgment motion did not address those claims, (v) the attorney's fee award was improper because appellees neither requested their fees nor proved them up, and (vi) the fee award for an appeal to the court of appeals is improper because it is not conditioned upon the appeal being unsuccessful.

### III. ANALYSIS

**A.  Issues One and Two:  Did the trial court err by holding that Inman's contract breach and fiduciary breach claims were time barred as a matter of law?**

Inman's first two issues argue that (i) the limitations period applicable to his contract breach and fiduciary breach claims is four years and (ii) appellees did not conclusively prove that his claims accrued more than four years before Inman sued on March 19, 2014.

We agree with Inman because there is at least a fact issue whether Inman was removed as owner before the August 2010 members meeting.

#### 1.  Standard of review

We review a summary judgment de novo.  *Knopf v. Gray*, 545 S.W.3d 542, 545 (Tex. 2018) (per curiam).  We must take evidence favorable to the nonmovant as true, indulging every reasonable inference and resolving all doubts in the nonmovant's favor.  *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

A defendant seeking summary judgment based on an affirmative defense must conclusively prove every element of the defense.  *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).  "A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence."  *In re Estate of Hendler*, 316 S.W.3d 703, 707 (Tex. App.—Dallas 2010, no pet.).

"A summary judgment movant on limitations bears the burden to '(1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury.'"  *Equitable Recovery, L.P. v. Heath Ins. Brokers of Tex., L.P.*, 235 S.W.3d 376, 385 (Tex. App.—Dallas 2007, pet. dism'd) (quoting *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)).

## 2. Applicable law

The statute of limitations is four years for both fiduciary breach and contract breach claims. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5) (fiduciary breach); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam) (contract breach).

Limitations begins to run when a cause of action accrues. *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). A cause of action generally accrues when a party has been injured by another's acts or omissions. *Id.*; *see also Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011) ("Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy.").

Under the legal injury rule, a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later and even if all resulting damages have not yet occurred. *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

However, if a party breaches legal duties multiple times and those breaches cause distinct legal injuries, multiple causes of action with different accrual dates will result. *See, e.g.*, *Barker*, 213 S.W.3d at 311 (Eckman's "claims for those serial breaches accrued as soon as he had the right to sue on them individually, that is, immediately upon the occurrence of each breach."); *Savage v. Sport Supply Grp., Inc.*, No. 05-12-00464-CV, 2013 WL 5969556, at *5 (Tex. App.—Dallas Nov. 7, 2013, no pet.) (mem. op.) (if a contract requires periodic payments, a new cause of action accrues every time a payment is missed).

A contract breach claim accrues when a party breaches the contract. *Stine*, 80 S.W.3d at 592.

A fiduciary breach claim generally accrues when the claimant knows or in the exercise of ordinary diligence should know of the wrongful act and resulting injury. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 641 (Tex. App.—Dallas 2013, no pet.); *accord Teel v. Sumrow*,

–6–

No. 05-16-00840-CV, 2017 WL 5559149, at *4 (Tex. App.—Dallas Nov. 13, 2017, pet. denied) (mem. op.).

### 3. Applying the law to the facts

We address Inman's fiduciary breach and contract breach claims together because (i) they have the same four-year limitations period[1] and (ii) Inman's live pleading asserts a single cause of action for "Breach of Contract/Breach of Fiduciary Duty" based on the same factual allegations.

Loe and PHM's limitations argument depends on the rule that limitations begins to run when a wrongful act causes some legal injury, even if all resulting damages have not yet occurred. *See Murphy*, 964 S.W.2d at 270. But to be entitled to summary judgment, they had to conclusively show that this rule controls rather than the rule that separate breaches causing distinct legal injuries give rise to claims with different accrual dates. *See Barker*, 213 S.W.3d at 311. We conclude that they failed to carry this burden.

Loe and PHM's summary judgment motion argued that Inman's fiduciary breach claim was based on an allegation that Inman was "locked out of the company" no later than June 26, 2009. Loe and PHM did not cite Inman's original petition (his live pleading at that time) for this premise, and indeed the original petition does not mention a 2009 lock out or any 2009 events at all. Instead, Loe and PHM relied on summary judgment evidence showing facts like the following:

- Loe had PHM's locks changed on June 19, 2009;

- Inman was "dismissed" and "thrown out of the company" before June 26, 2009;

- on June 26, 2009, Inman's lawyer sent a letter to Loe and Morrison asserting that Inman was "being effectively excluded from the management and ongoing operations of" PHM; and

---

[1] Although Inman's second issue argues, in an abundance of caution, that the trial court should not have recharacterized his claims as conversion claims, we see no reason to conclude that the trial court did so. Loe and PHM's summary judgment motion did not argue that any of Inman's claims were artfully pled to avoid limitations, and on appeal they expressly assert that "[t]he trial court's summary judgment order did not re-characterize Appellant's pleading." Accordingly, we apply a four-year limitations period to his contract and fiduciary breach claims.

- Inman quit working for PHM when the locks were changed.

On appeal they rely on an Austin Court of Appeals case for the premise that "[t]he word 'accrual' signifies the date when one having a right of action *first* becomes legally entitled to apply to a court for relief by a proceeding commenced thereon; that is to say, it signifies the date when the plaintiff *first* becomes entitled to sue the defendant based upon a legal wrong attributed to the latter." *Zidell v. Bird*, 692 S.W.2d 550, 554 (Tex. App.—Austin 1985, no writ) (emphases added).

Inman argues, as he argued below, that Loe and PHM mischaracterize Inman's claim. According to Inman's summary judgment response, he "simply did not sue Defendants for being terminated or being unable to participate in the management of the Company." Rather, he "sued to establish he still held an ownership interest in the company, and that Defendants breached a number of duties to him in their attempts to deprive [Inman] of his ownership interests." These breaches, he argues, occurred in August 2010 when appellees purported to hold a special members' meeting at which they removed Inman as a member of PHM. The meeting minutes recite that "Inman is no longer a Member or Director of the Company, effective immediately (beginning August 23, 2010 at 5:34 p.m.)." Because the evidence shows that appellees attempted and purported to terminate Inman's status as a PHM member and owner in August 2010, Inman argues that Loe and PHM did not conclusively establish that Inman's claims accrued more than four years before March 19, 2014.

Inman also argues that he suffered no legal injury from the 2009 lock out because Texas is an at-will employment state and thus his exclusion from PHM's management and operations was not actionable. *See Ritchie v. Rupe*, 443 S.W.3d 856, 886 (Tex. 2014).

Inman's arguments are consistent with his live pleading in which he asserts that appellees breached their contract and fiduciary duties "to not dispossess—or attempt to dispossess—Plaintiff of his Membership status or units and the accompanying benefits of such possession." Although

there is summary judgment evidence that appellees excluded Inman from PHM's management and operations in 2009, there is no summary judgment evidence that appellees purported to take away his PHM ownership interest before August 2010.

In summary, to be entitled to final summary judgment, appellees had to prove conclusively that Inman's contract and fiduciary breach claims accrued more than four years before March 19, 2014.[2] They relied on evidence showing that Inman was excluded from the company's management and operation in June 2009. But Inman produced evidence that appellees committed other allegedly actionable conduct in August 2010, and nothing establishes that these acts did not result in a legal injury distinct from any injury Inman may have suffered in 2009.

Accordingly, we hold that appellees did not carry their burden and that the trial court erred by granting appellees final summary judgment on Inman's contract and fiduciary breach claims based on limitations.

## B.     Inman's Remaining Issues

Inman does not contend that the trial court erred by granting summary judgment on his claim for "Civil Conspiracy to Breach the Contract." Thus, we affirm the judgment as to that claim. *See Ontiveros v. Flores*, 218 S.W.3d 70, 71 (Tex. 2007) (per curiam).

Furthermore, because the grounds Loe and the company raised are the only possible grounds for upholding the judgment in Morrison's favor, our holding requires us to reverse that part of the judgment as well.

Finally, we need not consider Inman's remaining issues because they would not entitle him to any greater relief. *See* TEX. R. APP. P. 47.1; *Morton v. Nguyen*, 412 S.W.3d 506, 512 (Tex.

---

[2] As to fiduciary breach, appellees also had to prove conclusively when Inman knew or should have known of the wrongful act and resulting injury, but that element is not material to our decision.

–9–

2013) (reversing attorney's fee award because substantive judgment supporting award was reversed).

## IV. DISPOSITION

We reverse the trial court's judgment to the extent it orders Inman to take nothing on his claims for contract breach and fiduciary breach, and we reverse the award of attorney's fees against Inman. We affirm the judgment as to Inman's claim for civil conspiracy. We remand the case for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

180130F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRYAN INMAN, Appellant

No. 05-18-00130-CV          V.

HENRY LOE, JR., JAMES MORRISON
AND PATRICK HENRY MEDICAL,
LLC, Appellees

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. CV-14-0482.
Opinion delivered by Justice Whitehill.
Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** the portion of the trial court's judgment that orders appellant Bryan Inman to take nothing on his claims against appellees Henry Loe, Jr., James Morrison, and Patrick Henry Medical, LLC for breach of contract and breach of fiduciary duty. We also **REVERSE** the portion of the trial court's judgment that awards attorneys' fees against appellant Bryan Inman. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant Bryan Inman recover his costs of this appeal from appellee Henry Loe, Jr., James Morrison and Patrick Henry Medical, LLC.

Judgment entered February 20, 2019.