**Affirmed and Opinion Filed June 14, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00177-CV**

**BEN SAYANI, Appellant**
**V.**
**SMOTHERMON FAMILY PARTNERS, LTD.; LYNN FAMILY HOLDINGS, LTD.; RONALD OTIS LYNN, AND DIANA SMOTHERMON, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-14752-B**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Nowell

Appellant Ben Sayani filed suit against appellees Smothermon Family Partners, Ltd., Lynn Family Holdings, Ltd., Ronald Otis Lynn, and Diana Smothermon alleging multiple causes of action arising out of a real estate contract. The trial court granted three motions for partial summary judgment, which resulted in a final judgment on December 3, 2021. In six issues, Sayani challenges the orders granting appellees' motions for partial summary judgment. We affirm the trial court's final judgment.

## Background

On July 7, 2015, Sayani as "Buyer" and appellees as "Sellers" entered into a written "Farm and Ranch Contract" in which appellees agreed to sell 51.358 acres of land and improvements in Collin County, Texas to Sayani for $15,660,096.61. The Ranch Contract was "subject to the successful rezoning of the current zoning to urban living." The parties also signed an addendum requiring "Seller to cooperate with Buyer to sign and notarize all the necessary documents" regarding zoning changes, plans, permits, etc. Sayani hired attorneys, engineers, and zoning experts to begin the rezoning process. As the project moved forward, the City of Frisco began delaying the process. During this time, appellees signed the necessary documents to accommodate the City's delays and pushed the closing date from September 2016 to September 2017, then from September 2017 to September 2018, and finally to September 17, 2019.

In January 2019, the City finally approved a new Preliminary Site Plan (PSP) for the planning and development of the property. The PSP required amending the Ranch Contract to effectuate the new requirements. Sayani and appellees exchanged email communications in early February regarding the new terms. Sayani believed the parties reached a mutually agreed upon amendment (the February 2019 Amendment) dividing the land into six parcels, closing on the parcels "in two pieces" (a residential tract closing on September 17, 2019 and a commercial tract closing

–2–

within twenty-four months of the residential closing), and among other things, reducing the sales price to $13,661,834.00.

Sayani entered into a contract with Chase Partners Frisco-I, LLC (the Chase Contract) on July 10, 2019, in which Sayani agreed to sell the residential property to Chase. The Chase Contract acknowledged the Ranch Contract, required simultaneous closings of the two contracts, and stated Sayani would use the funds from the Chase Contract to purchase appellees' property. According to Sayani, "all parties understood that if the [Ranch] Contract did not close, then the Chase Contract did not close."

The Ranch Contract was set to close on September 17, 2019; however, appellees refused to close without further amendments and modifications. Sayani refused the proposed modifications because the proposed amendments included some, but not all, of the February 2019 Amendment terms. Appellees told Sayani they would not close on the required date if he continued to insist on closing under the February 2019 Amendment. Sayani informed Chase of the developments and Chase backed out of its contract.

Because Sayani believed appellees repudiated the Ranch Contract, he preemptively filed an original petition on September 16, 2019, alleging, among other things, breach of contract, negligent misrepresentation, breach of fiduciary duty, and fraud. He sought damages in excess of $19 million.

On September 17, 2019, Sayani arrived at the Fidelity Title office for closing, but appellees did not attend. On September 20, 2019, appellees sent Sayani an email terminating the Ranch Contract because he failed to pay the purchase price on or before September 17, 2019.

Appellees answered the lawsuit and subsequently filed three motions for partial summary judgment challenging Sayani's various causes of action.

Appellees' first traditional and no-evidence motion for partial summary alleged there was no evidence Sayani appeared at closing with the required funds or that the February 2019 Amendment satisfied the statute of frauds to properly modify the Ranch Contract. Thus, the Ranch Contract terminated when Sayani failed to tender performance by September 17, 2019. Sayani responded that appellees repudiated and breached the contract first and, alternatively, the February 2019 Amendment complied with the statute of frauds. The trial court granted appellees' motion without specifying the grounds for its ruling.

Appellees' second motion for partial summary judgment argued, among other things, that there was no evidence of negligent misrepresentation, breach of fiduciary duty, or promissory estoppel. The trial court granted the motion and "ordered that plaintiff take nothing" on his claims. The trial court noted it was an interlocutory order that did not dispose of all the parties' claims.

Appellees' third motion for partial summary judgment sought an award of their attorneys' fees as prevailing parties. On December 3, 2021, the trial court

–4–

signed the final judgment, which incorporated the previous partial summary judgment orders. The final judgment ORDERED, ADJUDGED, AND DECREED the following:

> [T]hat Plaintiff's failure to timely tender performance on or before September 17, 2019 resulted in a default and breach of the [Ranch Contract] by Plaintiff, that Defendants did not breach the [Ranch Contract], and that Plaintiff take nothing by Plaintiff's claims against Defendants.

The trial court subsequently denied Sayani's motion for new trial, and this appeal followed.[1]

## Standard of Review

When an appeal involves review of both traditional and no-evidence grounds, we consider the no-evidence challenge first because evidence that defeats the no-evidence challenge will defeat the traditional challenge as well. *See Arredondo v. Techserv Consulting & Training, Ltd.*, 567 S.W.3d 383, 390 (Tex. App.—San Antonio 2018), *aff'd in part and rev'd in part on other grounds*, 612 S.W.3d 289 (Tex. 2020); *see also Loya v. Hickory Trail Hosp.*, No. 05-20-00378-CV, 2022 WL 17335694, at *2 (Tex. App.—Dallas Nov. 30, 2022, no pet.) (mem. op.).

To defeat a no-evidence motion for summary judgment, the non-movant must produce evidence regarding each challenged element of each challenged claim that "would enable reasonable and fair-minded people to differ in their conclusions."

---

[1] Appellees challenged the timeliness of Sayani's notice of appeal; however, they conceded during oral argument that his brief was timely filed. We, therefore, do not address this argument.

*Ford Motor Co. v Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (internal quotation omitted). In reviewing a no-evidence summary judgment, we consider the evidence in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit, and disregarding contrary evidence and inferences unless a reasonable jury could not. *De La Cruz v. Kailer*, 526 S.W.3d 588, 592 (Tex. App.—Dallas June 16, 2017, pet. denied).

If, however, the traditional motion challenges a cause of action on a ground independent of the elements of the cause of action, we consider that issue first because a review of the evidence is unnecessary if the claim is barred as a matter of law. *Loya*, 2022 WL 17335694, at *2. A traditional motion for summary judgment requires the movant to demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant satisfies this burden, the nonmovant then bears the burden of demonstrating a genuine issue of material fact. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). We credit all evidence favoring the nonmovant, indulging every reasonable

–6–

inference, and resolving all doubts in its favor. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

### First Traditional and No-Evidence Motion for Partial Summary Judgment
### (Breach of Ranch Contract and Specific Performance)

In his first issue, Sayani argues the trial court erred by granting the first traditional and no-evidence motion for partial summary judgment because he did not breach the Ranch Contract when he failed to tender funds at closing. Appellees respond the February 2019 Amendment does not satisfy the statute of frauds because (1) it is unsigned, (2) it is from only one of the two sellers, (3) it expressly states it is a "suggested modification," and (4) it "requests" a price adjustment. Therefore, when Sayani failed to tender funds at closing, he breached the Ranch Contract.

A breach of contract action requires proof of four elements: (1) formation of a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages to the plaintiff resulting from the breach. *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). To prove that an offer was made, a party must show (1) the offeror intended to make an offer, (2) the terms of the offer were clear and definite, and (3) the offeror communicated the essential terms of the offer to the offeree. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied). A breach of a contract by one party excuses performance by the other party. *Barnett v. Coppell N. Tex. Ct., Ltd.*, 123 S.W.3d 804, 815 (Tex. App.—Dallas 2003, pet. denied).

A contract for the sale of real estate is unenforceable unless the promise or agreement is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully recognized to sign for him. *See* TEX. BUS. & COMM. CODE ANN. §26.01(a), (b)(4) (statute of frauds). The statute requires that, "with respect to an agreement defined therein, there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to litigation." *Cohen v. McCutchin*, 565 S.W.2d 230, 232–33 (Tex. 1978). Material and essential terms are those that parties would reasonably regard as "vitally important ingredients" of their bargain. *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016). A "material term" is a significant issue such as subject matter, price, payment, quantity, quality, duration, or the work to be done. *Bill Wyly Dev., Inc. v. Smith*, No. 01-16-00296-CV, 2017 WL 3483225, at *4 (Tex. App.—Houston [1st Dist.] Aug. 15, 2017, no pet.) (mem. op.). Whether a contract falls within the statute of frauds is a question of law. *Chambers v. Pruitt*, 241 S.W.3d 679, 688 (Tex. App.—Dallas 2007, no pet.).

The parties disagree on whether certain emails and attached documents satisfied the statute of frauds and constituted an amendment to the Ranch Contract. We conclude they do not.

First, the language of these emails do not constitute an agreement with definite, material terms. The February 5, 2019 email Lynn sent to Sterling Mansoori,

–8–

the real estate broker, contained the subject header: "*SUGGESTED* CONTRACT MODIFICATIONS BASED ON PSP APPROVAL." [Emphasis added.] Lynn indicated he prepared two items in response to Sayani's *request* for "New Pricing" under the approved PSP. Lynn attached a spreadsheet discussing the reduced sales price and a memorandum with *suggestions* on how the revised pricing could be negotiated. Part of the spreadsheet indicated "SAYANI REQUESTS PRICE ADJUDGMENT BASED ON NEW PLAT." The memorandum stated, "Other items *may need* to have modifications to the contract by amendments and *can be discussed* as we settle the issues herein." [Emphasis added.] Sterling sent an email with these two documents to Sayani on February 7, 2019. He noted that "[Lynn] has sen[t] me information which is summarized . . . [and] also *suggested modification* of the current contract" and to "Please review the attached files and let me know if you have any recommendations or questions." [Emphasis added.] The above-italicized language does not indicate a "clear and definite" description of material terms of an offer Sayani could have accepted.

Despite the lack of definite terms, Sayani contends Lynn's email constitutes a signature satisfying the statute of frauds. *See* TEX. BUS. & COMM. CODE ANN. § 26.01(a), (b)(4). While in some situations, a name or email address in the "from" field in an email can satisfy the statute of frauds' signature requirement, the email at issue here does not satisfy the statute. *See, e.g.*, *Khoury v. Tomlinson*, 518 S.W.3d 568, 576–77 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (email satisfied

–9–

statute of frauds). *But see Mitchell v. Mitchell*, No. 03-17-00318-CV, 2018 WL 911866, \*7 (Tex. App.—Austin, Feb. 16, 2018, pet. denied) (mem. op.) (email did not satisfy statute of frauds). Lynn's email did not include Donna Smothermon's signature on behalf of Smothermon Family Partners Ltd as the co-owner of the property; therefore, the document was not "signed by the person to be charged with the promise or agreement." TEX. BUS. & COMM. CODE ANN. § 26.01(a). To the extent Sayani argues it was the parties "course of dealing" over the five years to cooperate with modifying and extending the Ranch Contract as needed, he has provided no authority supporting such an exception to the statute of frauds. Rather, the record indicates Smothermon and Lynn both signed other amendments, using a Texas Real Estate Commission form, on September 11, 2015, January 14, 2016, January 15, 2016, January 12, 2017, and September 10, 2018.

Finally, we reject Sayani's claim that Lynn was Smothermon's agent and authorized to "speak on behalf of the Sellers at all times." Texas law does not presume agency, but instead, a party alleging an agency relationship has the burden of proving it. *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007) (per curiam). An agent is a person authorized to transact business for a principal and is subject to the principal's control. *Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 782–83 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Authorization to act and control of the action are the two essential

elements of agency. *Id.* Authority to act may be actual or apparent. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007).

Apparent agency, also called apparent authority, is based on the concept of estoppel and imposes liability when the principal's conduct should equitably prevent a person from denying the existence of an agency relationship. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 & n.2 (Tex. 1998). Apparent agency "operates much like an affirmative defense" in that the party asserting it has the burden of raising a fact issue as to each element: (1) the principal, by her conduct, (2) caused the party to reasonably believe that the putative agent was the principal's agent, and (3) the party justifiably relied on the appearance of agency. *Fagerberg v. Steve Madden, Ltd.*, No. 03-13-00286-CV, 2015 WL 4076978, at *2 (Tex. App.—Austin July 3, 2015, pet. denied) (mem. op.). In determining whether an agent has apparent authority, "only the conduct of the principal is relevant," and we examine the reasonableness of the third party's assumption about authority. *Sunergon Oil, Gas & Mining Grp., Inc. v. Cuen*, No. 01-19-00998-CV, 2021 WL 3775589, at *5 (Tex. App.—Houston [1st Dist.] Aug. 26, 2021, no pet.) (mem. op.).

Sayani provided no evidence of either actual or apparent authority. There is no evidence Smothermon expressly authorized Lynn to transact business on her behalf or that he was subject to her control. There is no evidence of any words or conduct by Smothermon that would reasonably lead anyone to believe Lynn had the authority to act on her behalf. Although Sayani argues Smothermon "clearly"

–11–

ratified Lynn's authority to act as her agent when Lynn alone signed three addendums to the Ranch Contract on July 15, 2015, we cannot agree. The amendments executed in the following years were signed by both sellers; therefore, we cannot conclude it was reasonable for Sayani to believe Lynn had apparent authority to act on Smothermon's behalf because of documents signed on the day the parties executed the original Ranch Contract years earlier.

The February 2019 communications between the parties did not create a valid agreement, and therefore, did not amend the terms of the September 10, 2018 Ranch Contract. Thus, we reject Sayani's argument that appellees breached the Ranch Contract first because they refused to comply with the February 2019 Amendment.

Instead, the evidence shows that although Sayani attended closing on September 17, 2019, he failed to tender payment at closing. Section 9(B)(2) ("CLOSING") of the Ranch Contract stated, "Seller shall pay the Sales price in good funds acceptable to the escrow agent." Even accepting as true Sayani's argument that he was not required to tender payment at closing because the Ranch Contract did not contain a "time is of the essence" clause, he did not present evidence that he was ready, willing, and able to perform his payment obligations under the Ranch Contract. *See, e.g.*, *Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842, 846 (Tex. App.—Dallas 2008, no pet.) ("For timely performance to be a material term of the contract, the contract must expressly make time of the essence or there must be something in the nature or purpose of the contract and the circumstances surrounding

–12–

it making it apparent that the parties intended that time be of the essence."). Sayani's belief that he was "bringing over $14,000,000 to the closing table, for a contract with an amended purchase of $13,666,834.00" is premised on the invalid February 2019 Amendment reducing the original $15,660,096.61 purchase price and dividing the sale into two separate parts. However, Sayani admitted Chase backed out of its deal to purchase the residential tracts for $8,441,000.00, and although several "funding partners" indicated a willingness to provide $14,000,000, this amount would not cover the $15,660,096.61 sales price.

When Sayani failed to tender the necessary funds on or before the closing date, appellees were entitled to terminate the Ranch Contract, which they did on September 19, 2019. Thus, appellees established as a matter of law that they did not breach the Ranch Contract but instead, Sayani breached the contract. Accordingly, the trial court did not err by granting summary judgment in favor of appellees on Sayani's breach of contract claim. We overrule Sayani's first issue.

In his second issue, Sayani argues the trial court erred by granting appellees' no evidence motion for partial summary judgment on his claim for specific performance. However, specific performance is an equitable remedy that may be awarded upon a showing of breach of contract. *Stafford v. S. Vanity Mag., Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas Aug. 14, 2007, pet. denied). Sayani's argument is obviated by our affirmance of the summary judgment on his breach of contract claim. *See John Gannon, Inc. v. Gunnarson Outdoor Advert., Inc.*, No. 03-

–13–

08-00404-CV, 2010 WL 3192536, at *4 (Tex. App.—Austin Aug. 11, 2010, pet. denied) (mem. op.). Sayani's second issue is overruled.

### Second No-Evidence Motion for Partial Summary Judgment (Negligent Misrepresentation, Breach of Fiduciary Duty/Special Relationship, and Promissory Estoppel)

In his third issue, Sayani argues the trial court erred by granting appellees' no-evidence motion for summary judgment on his negligent misrepresentation cause of action. Appellees respond summary judgment was appropriate because Sayani describes a promise to perform a future act, and there is no enforceable February 2019 Amendment to the Ranch Contract.

The elements of a negligent misrepresentation claim are: (1) the defendant made a representation in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a pecuniary loss by justifiably relying on the representation. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P.*, 546 S.W.3d 648, 653–54 (Tex. 2018).

Sayani relies on the February 2019 emails to support his claims; however, Texas law disfavors allowing litigants to bypass the statute of frauds by pleading other causes of action. *Zaremba v. Cliburn*, 949 S.W.2d 822, 825 (Tex. App.—Fort Worth 1997, writ denied). A plaintiff should not be permitted to do indirectly what

–14–

is directly forbidden by statute. *Id.* "[A] claim of negligent misrepresentation may not be used to circumvent the statute of frauds." *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Thus, a successful application of the statute of frauds to a contract vitiates a fraud claim based on the same facts. *Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 936 (Tex. App.—Houston [14th Dist.] 1994, no writ); *see also Abshier v. Long*, No. 13-20-00343-CV, 2022 WL 480250, at *11 (Tex. App.—Corpus Christi-Edinburg Feb. 17, 2022, no pet.) (mem. op.). Because the statute of frauds barred Sayani's contract cause of action, the trial court properly granted summary judgment on his negligent misrepresentation claim based on the same facts. We overrule Sayani's third issue.

In his fourth issue, Sayani argues the trial court erred by granting appellees' no-evidence motion for summary judgment on his breach of fiduciary duty/special relationship claim. Appellees respond there is no evidence they had a special relationship or owed Sayani a fiduciary duty.

The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in an injury to the plaintiff or a benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). Although such a relationship may be formal or informal, it is undisputed this case does not involve a formal fiduciary relationship. "An informal fiduciary duty may arise from a moral, social, domestic

–15–

or purely personal relationship of trust and confidence, generally called a confidential relationship." *PlainsCapital Bank v. Reaves*, No. 05-17-01184-CV, 2018 WL 6599020, at *3 (Tex. App.—Dallas Dec. 17, 2018, pet. denied) (mem. op.). To impose an informal fiduciary relationship in a business transaction, a special relationship of trust and confidence must exist prior to, and separate from, the parties' agreement. *Jones*, 196 S.W.3d at 447.

The record contains no evidence of a special relationship of trust and confidence between Sayani and appellees prior to the Ranch Contract. Sayani encourages this Court to recognize a fiduciary relationship based on their "long term relationship" and "course of dealings." *See, e.g.*, *Cent. Sav. & Loan Ass'n v. Stemmons Nw. Bank, N.A.*, 848 S.W.2d 232, 243 (Tex. App.—Dallas 1992, no writ) ("Proof of a confidential relationship outside the formal cases requires evidence that the dealings between the parties have continued for so long that one party is justified in relying on the other to act in his best interests."). We reject his invitation. The parties engaged in typical business negotiations to close a real estate deal. Sayani has provided no authority that a four-year relationship is sufficient to establish an informal fiduciary relationship, and we refuse to recognize one under these facts. Accordingly, the trial court did not err in granting summary judgment on Sayani's breach of fiduciary duty claim. We overrule Sayani's fourth issue.

In his fifth issue, Sayani argues the trial court erred by granting summary judgment on his promissory estoppel cause of action. Appellees respond his claim

fails because there was a valid contract and the February 2019 Amendment is unenforceable.

The Texas Supreme Court has recognized that promissory estoppel is an exception to the statute of frauds. *Trammel Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997). The elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *Branch Banking & Trust Co. v. Seideman*, No. 05-17-00381-CV, 2018 WL 3062450, at *15 (Tex. App.—Dallas June 21, 2018, pet. denied) (mem. op.). When promissory estoppel is raised as a defense to the statute of frauds, the promisee must establish (1) there is an oral agreement that is barred by the statute, (2) an additional promise to sign an existing writing containing the terms of the oral agreement, and (3) that writing would satisfy the statute of frauds. *Id.* Thus, "promissory estoppel will only avoid the statute of frauds if the promise made was to execute a document in existence that itself complied with the statute." *Bagwell v. BBVA Compass*, No. 05-14-01579-CV, 2016 WL 3660403, at *12 (Tex. App.—Dallas July 7, 2016, no pet.) (mem. op.). The party asserting promissory estoppel "must show that the writing that is the subject of the promise demonstrates the parties have come to a final agreement as to all material terms." *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex. App.—Dallas 1997, pet. denied) (footnotes omitted); *see also Bagwell*, 2016 WL 3660403, at *12. The February emails and attachments did not contain any

promises, but instead included "information," "suggested modifications," and a description of pricing adjustments based on Sayani's requests. Thus, there is no evidence appellees promised to sign an existing writing satisfying the statute of frauds because the parties had not come to a final agreement on all material terms for promissory estoppel to apply as an exception to the statute of frauds. *See Birenbaum*, 971 S.W.2d at 504; *see also Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.) (concluding there was no evidence bank promised to sign an existing writing satisfying the statute of frauds). The trial court did not err by granting summary judgment on Sayani's promissory estoppel claim. We overrule his fifth issue.

**Third Motion for Partial Summary Judgment (Attorneys' Fees)**

In his final issue, Sayani argues the trial court erred by granting appellees' motion for partial summary judgment on attorneys' fees and awarding such fees as the prevailing parties. Sayani has not challenged appellees' entitlement to attorneys' fees as prevailing parties, the amount, or the reasonableness of the fees. Because the trial court did not err in granting the first and second motions for partial summary judgment, appellees were entitled to their attorneys' fees as prevailing parties. *See Sunchase IV Homeowners Ass'n v. Atkinson*, 643 S.W.3d 420, 421 (Tex. 2022) (prevailing party is one who successfully defends against a claim and secures a take-nothing judgment). As such, the trial court did not err by granting the third motion

for partial summary judgment and awarding attorneys' fees.  We overrule Sayani's sixth issue.

## Conclusion

The trial court properly granted appellees' motions for partial summary judgment.  Accordingly, we affirm the trial court's final judgment.

/Erin A. Nowell//

220177f.p05

ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BEN SAYANI, Appellant

No. 05-22-00177-CV          V.

SMOTHERMON FAMILY
PARTNERS, LTD.; LYNN
FAMILY HOLDINGS, LTD.;
RONALD OTIS LYNN, AND
DIANA SMOTHERMON, Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-14752-B.

Opinion delivered by Justice Nowell.
Justices Reichek and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees SMOTHERMON FAMILY PARTNERS, LTD.; LYNN FAMILY HOLDINGS, LTD.; RONALD OTIS LYNN, AND DIANA SMOTHERMON recover their costs of this appeal from appellant BEN SAYANI.

Judgment entered this 14th day of June, 2023.